

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Probably, overruled by texta caution cont. c. on city of San Antonio 437 SW 2d 602 civ. and. Opp 1962 n.r.e.*

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2603-A
Re: Whether State can purchase
supplies from New Braunfels
Textile Mills, a vice-president
of that concern being a member
of the Texas Prison Board.

In your letter of August 15, 1940, you advise that Walter Dillard, a member of the Texas Prison Board, is also vice-president of the New Braunfels Textile Mills, and in view of such fact request our opinion as to whether the State may purchase certain supplies for the use of the Prison System from said New Braunfels Textile Mills, which we assume is a corporation.

The courts almost unanimously hold void those contracts between public boards as one party and a member of that board in his private capacity as the other party, without inquiring into the fairness of the transaction. Our opinions Numbers O-1014 and O-878, and authorities therein cited. This doctrine seems generally to have been applied in the undoing of contracts between municipalities and firms or corporations of which an officer or employee of the municipality was a member, stockholder or employee, whether such officer or employee participated in making the contract in behalf of the municipality or not. 44 C. J. 93; Dillon on Municipal Corporations, 5th Ed., Vol. 2, pp. 1146-1147. See also, City of Edinburgh v. Ellis, 59 S. W. (2d) 99. However, we are convinced that such holdings will not be applied unqualifiedly to contracts made by the State, considering the large number of State officers and employees, their widely scattered residences and consequently reduced likelihood of collusion and double dealing.

Hon. Geo. H. Sheppard, Page 2

In this case, the Texas Prison Board does not make
the contract of purchase. As stated in our Opinion No. 0-2603,
such purchases as the one now involved are made by the Board
of Control, of which Mr. Dillard is not a member.

We have many penal statutes bearing on somewhat
similar questions, but none directly covering the instant one.
Art. 368, P. C., provides that "Any officer of this State who
shall trade for, buy, or be in any way concerned in the purchase
of any claim or demand against the State, shall be fined one
thousand dollars." By Art. 371, P. C., county and city officers
are prohibited from trading in claims against such counties and
cities. And, Art. 373, P. C., provides a fine for a county or
city officer who should become interested in any contract with
such county or city. Other related statutes are found in Ch. 6,
of the Penal Code, but in our opinion none apply to this case.

There was a statute, Art. 6171, Civil Statutes, which
prohibited members of the Board of Prison Commissioners from
being directly or indirectly connected with or interested in
any contract, sale or purchase of any property or thing whatso-
ever which may be made during his term of office, and in which
the State or the prison system is interested," and making the
violation thereof a ground for removal. But, that statute was
repealed by the act which abolished the Board of Prison Commis-
sioners and created the Texas Prison Board. Acts 1927, 40th
Leg., p. 298, ch. 212.

The repeal of the old Article 6171, Civil Statutes,
which had been enacted prior to the creation of the Board of
Control, and the failure to enact a similar law applicable to
the Prison Board, to a certain extent indicates the legislative
thought as to what the public policy should be. With the authority
to make such contracts lodged in the Board of Control the Legisla-
ture evidently felt that the prohibition against the Prison Board
was no longer necessary or desirable.

In our opinion a contract made by the Board of Control
for the purchase of supplies from a corporation, one of the
officers of which is a member of the Texas Prison Board is not
per se void as a matter of law. On that basis we answer your
question in the affirmative. Our opinion might be different
if it should be made to appear that the Prison Board member has
taken some advantage of his position to induce the purchase from
the concern in which he is interested.

Hon. Geo. H. Sheppard, Page 3

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 27, 1940

By Glenn R. Lewis
Glenn R. Lewis
Assistant

FIRST
ASST

CRL:AB